## WOOD v. HALL.

(Supreme Court, Appellate Division, Third Department. September 13, 1905.)

JUDGMENT BY DEFAULT—VACATING—AFFIDAVITS—SUFFICIENCY.

Where a defendant acquiesced in a default judgment against him by voluntarily paying it, a motion to set the judgment aside and permit defendant to answer, founded on the affidavit of his attorney, which did not include a copy of the proposed answer and showed but slight excuse for the failure to answer in time, should be denied.

Appeal from Special Term, Fulton County.

Action by Eugene S. Wood against George B. Hall. From an order setting aside a default judgment for plaintiff and permitting defendant to answer, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

H. S. Bevins, for appellant.
Eugene Scribner, for respondent.

CHASE, J. The plaintiff brought an action against the defendant. After more than 20 days had expired from the service of the summons and complaint, judgment was entered thereon by default. The defendant appeared in the action soon after it was commenced, but did not serve an answer within 20 days. After the judgment was entered the plaintiff's attorney saw the defendant and told him of the entry of judgment, and the defendant said, if the plaintiff would wait a few days and not issue execution, he would pay the judgment. The plaintiff waited a few days without issuing an execution, and the defendant then went to the plaintiff's attorney and paid the judgment and took a satisfaction thereof. This motion is founded upon two affidavits, each made by the attorney who appeared for the defendant. They do not include a copy of tne defendant's proposed answer or a sufficient affidavit of merits, and they show but slight, if any, excuse for the defendant's failure either to serve his answer in time or to have the time in which an answer could be served extended by stipulation or order. The attorney for the plaintiff by affidavit showed that the judgment had been voluntarily paid and satisfied, as stated. No affidavit by the defendant was read at the Special Term, and it does not appear that the defendant had any personal knowledge of the application to set aside the judgment and open the default. The payment and satisfaction of the judgment is in no way controverted or explained. The defendant clearly acquiesced in the judgment by the payment thereof, and it wholly ceased to exist before the motion papers were served.

The order should be reversed, with $10 costs and disbursements. All concur.